1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL D. HICKMAN, | ) | 1:11-cv-01122-JLT HC |
| | ) | |
| Petitioner, | ) | ORDER TO SHOW CAUSE WHY PETITION |
| | ) | SHOULD NOT BE DISMISSED AS |
| | ) | UNEXHAUSTED |
| v. | ) | |
| | ) | |
| ANTHONY HEDGEPETH, | ) | ORDER REQUIRING PETITIONER TO FILE |
| | ) | RESPONSE WITHIN THIRTY DAYS |
| Respondent. | ) | |
| _____ | ) | |

Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The instant petition was filed on July 1, 2011.  (Doc. 1).  A preliminary screening of the petition, however, indicates that all of the claims in the petition may be unexhausted.  Accordingly, the Court will issue this Order to Show Cause why the petition should not be dismissed as unexhausted.

## **DISCUSSION**

A. Preliminary Review of Petition.

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.  The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition

1

1   for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's

2   motion to dismiss, or after an answer to the petition has been filed.  Herbst v. Cook, 260 F.3d 1039

3   (9th Cir.2001).

4          B.  Exhaustion.

5          A petitioner who is in state custody and wishes to collaterally challenge his conviction by a

6   petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The

7   exhaustion doctrine is based on comity to the state court and gives the state court the initial

8   opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501

9   U.S. 722, 731 (1991);  Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158,

10  1163 (9th Cir. 1988).

11         A petitioner can satisfy the exhaustion requirement by providing the highest state court with a

12  full and fair opportunity to consider each claim before presenting it to the federal court.  Duncan v.

13  Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88

14  F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full

15  and fair opportunity to hear a claim if the petitioner has presented the highest state court with the

16  claim's factual and legal basis.  Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504

17  U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

18         Additionally, the petitioner must have specifically told the state court that he was raising a

19  federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669

20  (9th Cir. 2000), amended, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.

21  1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998).  In Duncan, the United States

22  Supreme Court reiterated the rule as follows:

23         In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state
            remedies requires that petitioners "fairly presen[t]" federal claims to the state courts
24         in order to give the State the "opportunity to pass upon and correct alleged violations
            of the prisoners' federal rights" (some internal quotation marks omitted).  If state
25         courts are to be given the opportunity to correct alleged violations of prisoners' federal
            rights, they must surely be alerted to the fact that the prisoners are asserting claims
26         under the United States Constitution. If a habeas petitioner wishes to claim that an
            evidentiary ruling at a state court trial denied him the due process of law guaranteed
27         by the Fourteenth Amendment, he must say so, not only in federal court, but in state
            court.

28

1  Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

2  > Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his
3  > federal claims in state court *unless he specifically indicated to that court that those*
   > *claims were based on federal law.* See Shumway v. Payne, 223 F.3d 982, 987-88 (9th
   > Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the
4  > *petitioner must make the federal basis of the claim explicit either by citing federal law*
   > *or the decisions of federal courts, even if the federal basis is "self-evident,"* Gatlin v.
5  > Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4,
   > 7 . . . (1982), or the underlying claim would be decided under state law on the same
6  > considerations that would control resolution of the claim on federal grounds. Hiivala
   > v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828,
7  > 830-31 (9th Cir. 1996); . . . .

8  > In Johnson, we explained that the petitioner must alert the state court to the fact that
   > the relevant claim is a federal one without regard to how similar the state and federal
9  > standards for reviewing the claim may be or how obvious the violation of federal law
   > is.

10

11  Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

12      Here, Petitioner raises three grounds for relief: (1) ineffective assistance of trial counsel; (2)

13  ineffective assistance of trial and appellate counsel; and (3) error in the trial judge not recusing

14  himself from a pre-trial hearing on a motion to disqualify him as the trial judge.  (Doc. 1).  In his

15  petition, Petitioner readily admits that the only issue presented to the California Supreme Court is an

16  issue not contained within this petition, i.e., whether the trial court erred in denying his motion to

17  replace his trial counsel.  (Doc. 1, p. 2).  Petitioner also readily admits that none of the issues

18  contained in the instant petition have been presented to the California Supreme Court.  (Doc. 1, p. 3).

19  Although Petitioner has presented one of the grounds to the California Superior Court, he indicates

20  that he did not know he could present these claims to the state courts and, hence, they are

21  unexhausted.  (Id.).

22      From the foregoing, it appears to the Court that none of the claims in the instant petition are

23  exhausted.  As mentioned, the Court cannot consider a petition that is entirely unexhausted.  Rose v.

24  Lundy, 455 U.S. at 521-22.  However, before dismissing the petition, the Court will afford Petitioner

25  an opportunity to respond to this Order to Show Cause by filing a response that, if he can, establishes

26  that all of the claims in this petition have in fact been exhausted.  If Petitioner is unable to do so, the

27  Court will dismiss the petition in accordance with the discussion above. The exhaustion doctrine

28  does not contain an exception for a petitioner's ignorance of the exhaustion doctrine.  To impose one

1 would essential eviscerate that doctrine.

2                                              **ORDERS**

3        Accordingly, the Court HEREBY ORDERS:

4        1.        Petitioner is ORDERED TO SHOW CAUSE within thirty (30) days of the date of

5                  service of this Order why the Petition should not be dismissed for failing to exhaust

6                  state court remedies.

7 Petitioner is forewarned that his failure to comply with this order may result in a Recommendation

8 that the Petition be dismissed pursuant to Local Rule 110.

9

10 IT IS SO ORDERED.

11 Dated:   **July 23, 2011**                                          **/s/ Jennifer L. Thurston**
                                                          UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28