1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                      EASTERN DISTRICT OF CALIFORNIA

10

11   MICHAEL D. HICKMAN,              )      1:11-cv-01122-LJO-JLT HC
                                      )
12                  Petitioner,       )      ORDER DENYING PETITIONER'S
                                      )      MOTION FOR STAY OF PROCEEDINGS
13                                    )      (Doc. 8)
                                      )
14        v.                          )      FINDINGS AND RECOMMENDATIONS
                                      )      TO DISMISS PETITION AS UNEXHAUSTED
15   ANTHONY HEDGEPETH,               )
                                      )      ORDER REQUIRING OBJECTIONS TO
16                  Respondent.       )      BE FILED WITHIN TWENTY DAYS
     _____)

17

18        Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus

19   pursuant to 28 U.S.C. § 2254.

20        The instant petition was filed on July 1, 2011.  (Doc. 1).  After a preliminary screening of the

21   petition indicated that all of the claims in the petition may be unexhausted, the Court, on July 25,

22   2011, issued an Order to Show Cause why the petition should not be dismissed as unexhausted, and

23   ordered that Petitioner file his response within thirty days.  (Doc. 6).  On August 12, 2011, Petitioner

24   filed the instant motion for a stay of proceedings, citing his lack of legal training as grounds

25   therefore.  (Doc. 8).  Petitioner cites no other grounds for his stay, nor does he identify the legal basis

26   for his stay request.  For the reasons below, the Court denies the motion for a stay and Recommends

27   that the petition be dismissed as completely unexhausted.

28

                                          1

1        **DISCUSSION**

2        A.  Preliminary Review of Petition.

3        Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

4   petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the

5   petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section

6   2254 Cases.  The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition

7   for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's

8   motion to dismiss, or after an answer to the petition has been filed.  Herbst v. Cook, 260 F.3d 1039

9   (9th Cir.2001).

10       B.  Exhaustion.

11       A petitioner who is in state custody and wishes to collaterally challenge his conviction by a

12   petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The

13   exhaustion doctrine is based on comity to the state court and gives the state court the initial

14   opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501

15   U.S. 722, 731 (1991);  Rose v. Lundy, 455 U.S. 509, 518 (1982);  Buffalo v. Sunn, 854 F.2d 1158,

16   1163 (9th Cir. 1988).

17       A petitioner can satisfy the exhaustion requirement by providing the highest state court with a

18   full and fair opportunity to consider each claim before presenting it to the federal court.  Duncan v.

19   Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88

20   F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full

21   and fair opportunity to hear a claim if the petitioner has presented the highest state court with the

22   claim's factual and legal basis.  Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504

23   U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

24       Additionally, the petitioner must have specifically told the state court that he was raising a

25   federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669

26   (9th Cir. 2000), amended, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.

27   1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998).  In Duncan, the United States

28   Supreme Court reiterated the rule as follows:

2

In <u>Picard v. Connor</u>, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted).  If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

<u>Duncan</u>, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law.*  <u>See</u> <u>Shumway v. Payne</u>, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in <u>Duncan</u>, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident,"* <u>Gatlin v. Madding</u>, 189 F.3d 882, 889 (9th Cir. 1999) (<u>citing</u> <u>Anderson v. Harless</u>, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. <u>Hiivala v. Wood</u>, 195 F.3d 1098, 1106-07 (9th Cir. 1999); <u>Johnson v. Zenon</u>, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .

In <u>Johnson</u>, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

<u>Lyons v. Crawford</u>, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

Here, Petitioner raises three grounds for relief: (1) ineffective assistance of trial counsel; (2) ineffective assistance of trial and appellate counsel; and (3) error in the trial judge not recusing himself from a pre-trial hearing on a motion to disqualify him as the trial judge.  (Doc. 1).  In his petition, Petitioner readily admits that the only issue presented to the California Supreme Court is an issue not contained within this petition, i.e., whether the trial court erred in denying his motion to replace his trial counsel.  (Doc. 1, p. 2).  Petitioner also readily admits that none of the issues contained in the instant petition have been presented to the California Supreme Court.  (Doc. 1, p. 3).

From the foregoing, it is apparent that none of the claims in the instant petition are exhausted. As mentioned, the Court cannot consider a petition that is entirely unexhausted.  <u>Rose v. Lundy</u>, 455 U.S. at 521-22.  Thus, unless Petitioner is indeed entitled to a stay of proceedings, the Court must recommend that the petition be dismissed as unexhausted.

C.  <u>Motion for Stay</u>.

Traditionally, a district court has had the discretion to stay a petition which it may validly

3

1   consider on the merits.  Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-988 (9th

2   Cir. 1998); Greenawalt v. Stewar7, 105 F.3d 1268, 1274 (9th Cir.), *cert. denied*, 519 U.S. 1002

3   (1997).  However, the Ninth Circuit has held that Taylor in no way granted "district courts carte

4   blanche to stay even fully exhausted habeas petitions."  Taylor, 134 F.3d at 988 n. 11.  Granting a

5   stay is appropriate where there is no intention on the part of the Petitioner to delay or harass and in

6   order to avoid piecemeal litigation.  Id.  In addition, the Ninth Circuit has indicated that it is proper

7   for a district court, in its discretion, to hold a petition containing only exhausted claims in abeyance

8   in order to permit the petitioner to return to state court to exhaust his state remedies.  Kelly v. Small,

9   315 F.3d 1063, 1070 (9th Cir. 2004); Ford v. Hubbard, 305 F.3d 875, 882-883 (9th Cir. 2002); James

10  v. Pliler, 269 F.3d 1124, 1126-1127 (9th Cir. 2002); Taylor, 134 F.3d 981.

11         Notwithstanding the foregoing, until recently, federal case law continued to require that the

12  Court dismiss "mixed" petitions containing both exhausted and unexhausted claims.  Rose v. Lundy,

13  455 U.S. 509 (1982).  However, on March 30, 2005, the United States Supreme Court decided

14  Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528 (2005).  Recognizing that "[a]s a result of the

15  interplay between AEDPA's 1-year statute of limitations[1] and Lundy's dismissal requirement,

16  petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their

17  opportunity for any federal review of their unexhausted claims," the Supreme Court held that federal

18  courts may now issue "stay and abey" orders under appropriate circumstances to permit petitioners to

19  exhaust unexhausted claims before proceeding with their federal petitions.  Rhines, 544 U.S. at 275.

20         In so holding, the Supreme Court noted that, while the procedure should be "available only in

21  limited circumstances," it "likely would be an abuse of discretion for a district court to deny a stay

22  and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his

23  unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged

24  in intentionally dilatory litigation tactics."  Id. at 277. When a petitioner has met these requirements,

25  his interest in obtaining federal review of his claims outweighs the competing interests in finality and

26  speedy resolution of federal petitions.  Id.

27         In a ruling subsequent to Rhines, the Ninth Circuit re-affirmed the vitality of *both* the Rhines

28

---

[1]The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA), 28 U.S.C. § 1244(d).

1   two-step stay procedure as well as the Kelly three-step stay procedure:

2         Rhines allows a district court to stay a mixed petition, and does not require that unexhausted
          claims be dismissed while the petitioner attempts to exhaust them in state court.  In contrast,
3         the three-step procedure outlined in Kelly allows the stay of fully exhausted petitions,
          requiring that the unexhausted claims be dismissed.

4

5   King v. Ryan, 564 F.3d 1133, 1139-1140 (9th Cir. 2009).  Thus, under Rhines, the court may address

6   a mixed petition.  Under Kelly, the Court may address a formerly mixed petition once the

7   unexhausted claims are withdrawn and only the exhausted claims remain.  However, nothing in

8   either the Rhines or Kelly permits this Court to entertain an entirely unexhausted petition.  Rhines

9   does not address unexhausted petitions, and if the Kelly procedure were to be followed, i.e.,

10  withdrawing the unexhausted claims, then all of the claims in this petition would have to be

11  dismissed, leaving nothing for this Court to decide.  In sum, there is simply no authority for this

12  Court to stay an entirely unexhausted petition.  That being the case, the Court must recommend that

13  the petition be dismissed as unexhausted.

14                                              **ORDERS**

15        Accordingly, the Court HEREBY ORDERS:

16        1.      Petitioner's motion for a stay of proceedings (Doc. 8), is DENIED.

17                                      **RECOMMENDATIONS**

18        For the foregoing reasons, the Court HEREBY RECOMMENDS that the petition for writ of

19  habeas corpus (Doc. 1), be DISMISSED as entirely unexhausted.

20        This Findings and Recommendation is submitted to the United States District Court Judge

21  assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the

22  Local Rules of Practice for the United States District Court, Eastern District of California.  Within

23  twenty (20) days after being served with a copy, any party may file written objections with the court

24  and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate

25  Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within

26  ten (10) court days (plus three days if served by mail) after service of the objections.  The Court will

27  then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are

28  advised that failure to file objections within the specified time may waive the right to appeal the

1  District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

2

3  IT IS SO ORDERED.

4  Dated:  __October 26, 2011__                                    _____**/s/ Jennifer L. Thurston**_____
                                                                                      UNITED STATES MAGISTRATE JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28